**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.  1:23-cv-03411

SAFECO INSURANCE COMPANY OF AMERICA,

     Plaintiff,

v.

RODD "EVAN" JOHNSON, JR. and
BRYCE KENT,

     Defendants.

---

**COMPLAINT FOR DECLARATORY RELIEF**

---

Plaintiff Safeco Insurance Company of America ("Plaintiff"), by and through its undersigned counsel, Lewis Roca Rothgerber Christie LLP, pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. 57, for its Complaint for Declaratory Relief against Defendants alleges as follows:

**PARTIES, JURISDICTION AND VENUE**

1.     Plaintiff Safeco Insurance Company of America is a New Hampshire corporation that maintains its principal place of business at 175 Berkeley Street, Boston, Massachusetts.

2.     Defendant Rodd "Evan" Johnson, Jr. is a Colorado citizen.

3.     Defendant Bryce Kent is a Colorado citizen.

4.     There exists diversity of citizenship between and among the parties, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.

6. Declaratory relief is authorized and appropriate in this action pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. 57.

7. An actual, justiciable controversy exists between the parties regarding the coverage afforded under a homeowners insurance policy issued by Plaintiff, and the relief requested herein is necessary to declare the parties' contractual rights, duties, and obligations.

8. Venue is proper under 28 U.S.C. 1391(a)(2) because a substantial part of the events giving rise to this controversy occurred in the State of Colorado.

## GENERAL ALLEGATIONS

### I.     The Homeowners Insurance Policy At Issue

9. Plaintiff issued a homeowners insurance policy to Rodd Johnson and Kristen Johnson, policy no. OY7539901, effective June 10, 2020 through June 10, 2021 (the "Policy"), for their residence located at 2594 S. Flanders Ct., Aurora, Colorado 80013-7693 (the "Residence Premises").  *See* Policy, POL 000010, attached hereto as **Exhibit 1**.

10. On September 5, 2020, Rodd "Evan" Johnson, Jr. was a resident of the Residence Premises and an insured under the Policy, subject to applicable terms and conditions.

11. The Policy provides, *inter alia*, Personal Liability coverage, subject to a limit of $500,000 per occurrence and other applicable terms, conditions, limitations and exclusions.  *Id*.

12. The Policy contains the following relevant terms and conditions applicable to the Personal Liability coverage afforded under the Policy, bates no. POL 000031, attached as **Exhibit 1**:

**SECTION II – LIABILITY COVERAGES**

**LIABILITY LOSSES WE COVER**

**COVERAGE E – PERSONAL LIABILITY**

If a claim is made or a suit is brought against any insured for damages because of **bodily injury** or **property damage** caused by an **occurrence** to which this coverage applies, we will:

123214068.1

1.      pay up to our limit of liability for the damages for which the ***insured*** is legally liable; and

2.      provide a defense at our expense by counsel of our choice, even if the allegations are groundless, false or fraudulent.  We may investigate and settle any claim or suit that we decide is appropriate.  Our duty to settle or defend ends when the amount we pay for damages resulting from the ***occurrence*** equals our limit of liability.

13.     The Policy contains the following exclusions applicable to the Personal Liability coverage afforded by the Policy, bates nos. POL 000032 – POL 000034, attached as **Exhibit 1**:

### LIABILITY LOSSES WE DO NOT COVER

1.      **Coverage E – Personal Liability** and **Coverage F – Medical Payments to Others** do not apply to ***bodily injury*** or ***property damage***:

a.      which is expected or intended by any ***insured*** or which is the foreseeable result of an act or omission intended by any ***insured***;

This exclusion applies even if:

(1)     such ***bodily injury*** or ***property damage*** is of a different kind or degree than expected or intended; or

(2)     such ***bodily injury*** or ***property damage*** is sustained by a different person, or persons, than expected or intended.

This exclusion does not apply to ***bodily injury*** resulting from the use of reasonable force by any ***insured*** to protect persons or property.

b.      which results from violation of a criminal law committed by, or with the knowledge or consent of any ***insured***.

This exclusion applies whether or not any ***insured*** is charged or convicted of a violation of criminal law, or local or municipal ordinance.

* * * *

k.      arising out of physical or mental abuse, sexual molestation or sexual harassment.

* * * *

14.     The Policy contains the following Definitions, POL 000041 - 000043, attached as **Exhibit 1**:

### POLICY DEFINITIONS

1.      Throughout this policy, "you" and "your" refer to:

a.      the "named insured" shown in your Policy Declarations; and

if a resident of the same household:

b.      the spouse;

c.      the civil partner by civil union licensed and certified by the state; or

d.      the ***domestic partner***.

* * * *

3.      In addition, certain words and phrases are defined as follows:

- 3 -

\* \* \* \*

**b.**     "***Bodily injury***" means bodily harm, sickness or disease, including required care, loss of services and death resulting therefrom.

\* \* \* \*

**g.**     "***Insured***" means:

**(1)**     you; and

**(2)**     so long as you remain a resident of the ***residence premises***, the following residents of the ***residence premises***:

**(a)**     your relatives; or

**(b)**     any other person under the age of 24 who is in the care of any person described in **(1)** or **(2)(a)** above.

Anyone described above who is a student temporarily residing away from your ***residence premises*** while attending school shall be considered a resident of your ***residence premises***.

\* \* \* \*

**h.**     "***Insured location***" means:

**(1)**     the ***residence premises***;

\* \* \* \*

**i.**     "***Occurrence***" means an accident, including exposure to the same general conditions which results in:

**(1)**     ***bodily injury***; or

**(2)**     ***property damage***;

during the policy period.  Repeated or continuous exposure to the same general conditions is considered to be one ***occurrence***.

\* \* \* \*

**o.**     "***Residence premises***" means:

**(1)** the one, two, three or four family dwelling, used principally as a private residence;

**(2)** other structures and grounds; or

**(3)** that part of any other building;

where you reside and which is shown in your Policy Declarations.

## II.     <u>The Underlying Incident</u>

15.     On the evening of September 5, 2020, a party of teenagers occurred, which was attended by Defendants Rodd ("Evan") Johnson, Jr. and Bryce Kent, as well as others.

- 4 -

16.     During the party on September 5, 2020, Defendant Bryce Kent alleges that Defendant Rodd ("Evan") Johnson, Jr. and another individual, Hayden Swa, sexually molested and/or physically or mentally abused her.

17.     On September 12, 2023, Defendant Bryce Kent filed a lawsuit against Defendant Rodd ("Evan") Johnson, Jr. and Hayden Swa, styled *Bryce Kent v. Hayden Swa and Rodd "Evan" Johnson, Jr.,* 2023CV31768, District Court, Arapahoe County, Colorado (the "Underlying Litigation").  *See* Complaint, attached hereto as **Exhibit 2**.

18.     In the Complaint filed in the Underlying Litigation, Defendant Bryce Kent alleged that Defendant Rodd ("Evan") Johnson, Jr. had non-consensual sexual intercourse with her.  *See* Complaint, attached as **Exhibit 2**, ¶¶ 27, 87, 96, 118, 120 - 122.

19.     In her Complaint filed in the Underlying Litigation, Defendant Bryce Kent alleged a First Claim for Relief for Negligence - Against Defendant Swa, a Second Claim for Relief for Invasion of Privacy - Against Defendant Swa, a Third Claim for Relief for Negligence - Against Defendant Johnson, a Fourth Claim for Relief for Invasion of Privacy - Against Defendant Johnson, a Fifth Claim for Relief for Sexual Assault against Defendant Swa, and a Sixth Claim for Relief for Sexual Assault against Defendant Johnson.

### III.     No Coverage is Owed by Plaintiff under the Terms and Conditions of the Policy

20.     Any "bodily injury" allegedly sustained by Defendant Kent on September 5, 2020 was not caused by an "occurrence" within the meaning of the Policy.

21.     Even if the insuring agreement can be met in this matter (which Plaintiff disputes), the injury to Defendant Kent that allegedly occurred on September 5, 2020 arose out of physical or mental abuse or sexual molestation, and coverage under the Policy is, therefore, barred due to the application of Exclusion no. 1(k).

123214068.1

22.     Even if the insuring agreement can be met in this matter (which Plaintiff disputes), the injury to Defendant Kent that allegedly occurred on September 5, 2020 was "expected or intended by any insured" or was "the foreseeable result of an act or omission intended by any insured," and coverage under the Policy is, therefore, barred due to the application of Exclusion no. 1(a).

23.     Even if the insuring agreement can be met in this matter (which Plaintiff disputes), the injury to Defendant Kent that allegedly occurred on September 5, 2020 resulted from a violation of a criminal law (without regard to whether any insured was criminally charged or convicted) committed by, or with the knowledge or consent of any insured, and coverage under the Policy is, therefore, barred due to the application of Exclusion no. 1(b).

24.     Pursuant to 28 U.S.C. 2201, *et seq*. and Fed. R. Civ. P. 57, Plaintiff is entitled to a judicial declaration from this Court declaring that no coverage is available under the terms and conditions of the Policy for the injuries or damages alleged to have been incurred by Defendant Kent on September 5, 2020.

## FIRST CLAIM FOR RELIEF
### (Declaratory Judgment)

25.     Plaintiff incorporates the allegations set forth above in paragraphs 1 through 24 as if fully set forth at length herein.

26.     The rights, status, obligations and other legal relations of Plaintiff and the Defendants are affected by the terms and conditions of the Policy and the determination of whether any coverage exists under the Policy for the injuries or damages alleged to have been incurred by Defendant Kent on September 5, 2020.

- 6 -

123214068.1

27.    Pursuant to 28 U.S.C. 2201, *et seq*. and Fed. R. Civ. P. 57, Plaintiff is entitled to a declaratory judgment from this Court as follows:

(A)    that no coverage is available under the Policy for the sexual molestation and/or physical or mental abuse allegedly incurred by Defendant Kent on September 5, 2020 that is at issue in the Underlying Litigation;

(B)    that there was no "occurrence" within the meaning of the Policy that caused any bodily injury that was allegedly incurred by Defendant Kent on September 5, 2020;

(C)    that no Personal Liability coverage is afforded under the Policy because any bodily injury alleged to have been incurred by Defendant Kent on September 5, 2020 is barred by the application of Exclusion no. 1(k) set forth in the Policy;

(D)    that no Personal Liability coverage is afforded under the Policy because any bodily injury alleged to have been incurred by Defendant Kent on September 5, 2020 is barred by the application of Exclusion no. 1(a) set forth in the Policy;

(E)    that no Personal Liability coverage is afforded under the Policy because any bodily injury alleged to have been incurred by Defendant Kent on September 5, 2020 is barred by the application of Exclusion no. 1(b) set forth in the Policy;

(F)    that Plaintiff has no duty to defend Defendant Rodd "Evan" Johnson, Jr. in connection with the Underlying Litigation, pursuant to the express terms, conditions, limitations and exclusions of the Policy; and

123214068.1

(G) that no indemnification exists under the Policy for the injuries or damages alleged to have been incurred by Defendant Kent on September 5, 2020, nor does Plaintiff have any obligation to indemnify Defendant Johnson for any settlement or judgment that might enter in connection with the Underlying Litigation.

WHEREFORE, Plaintiff Safeco Insurance Company of America respectfully requests that this Court enter a declaratory judgment against Defendants declaring the following:

(A) that no coverage is available under the Policy for the sexual molestation and/or physical or mental abuse allegedly incurred by Defendant Kent on September 5, 2020;

(B) that there was no "occurrence" within the meaning of the Policy that caused any bodily injury that was allegedly incurred by Defendant Kent on September 5, 2020;

(C) that no Personal Liability coverage is afforded under the Policy because any bodily injury alleged to have been incurred by Defendant Kent on September 5, 2020 is barred by the application of Exclusion no. 1(k) set forth in the Policy;

(D) that no Personal Liability coverage is afforded under the Policy because any bodily injury alleged to have been incurred by Defendant Kent on September 5, 2020 is barred by the application of Exclusion no. 1(a) set forth in the Policy;

(E) that no Personal Liability coverage is afforded under the Policy because any bodily injury alleged to have been incurred by Defendant Kent on

123214068.1

September 5, 2020 is barred by the application of Exclusion no. 1(b) set

forth in the Policy;

(F)    that Plaintiff has no duty under the Policy to defend Rodd "Evan" Johnson,

Jr. in connection with the Underlying Litigation;

(G)    that no indemnification exists under the Policy for the injuries or damages

alleged to have been incurred by Defendant Kent on September 5, 2020;

(H)    Plaintiff has no obligation to indemnify any of the Defendants for any

settlement or judgment that might enter in connection with the Underlying

Litigation; and

(I)    for such other and further relief as this Court deems just and proper.

 Respectfully submitted this 22nd day of December, 2023.

LEWIS ROCA ROTHGERBER CHRISTIE LLP

*s/ Brian J. Spano*
Brian J. Spano, Esq.
Holly C. White, Esq.
1601 Nineteenth Street, Suite 1000
Denver, Colorado 80202
(303) 623-9000
bspano@lewisroca.com
hwhite@lewisroca.com

*Attorneys for Plaintiff*
*Safeco Insurance Company of America*

123214068.1